**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION No. 169, <br><br> Plaintiff, <br><br> vs. <br><br> FREHNER CONSTRUCTION COMPANY, INC., a Nevada corporation, <br><br> Defendant. | 3:05-CV-0446-ECR-RAM <br><br><br> **ORDER** |

### I. Procedural Background

Plaintiff Laborers' International Union of North America, Local Union No. 169 ("Plaintiff" or "Local 169") filed a Petition for Declaratory Order (#2) against Frehner Construction Company ("Defendant" or "Frehner") on August 8, 2005, requesting this Court to declare that Frehner was bound to the Laborers' Master Agreement dated July 30, 2004. On August 30, 2005, Defendant filed a Motion to Dismiss (#4) pursuant to F.R.C.P. 12(b)(6) claiming that the statute of limitations barred the action.[1] On September 9, 2005,

---

[1] Defendant also made the motion under F.R.C.P. 12(b)(1). However, Defendant's basis for dismissal is based on the statute of limitations which is not relevant to a 12(b)(1) motion.

Plaintiff opposed (#5) Defendant's motion and on September 19, 2005, Defendant filed a reply in support of its Motion to Dismiss (#6).

The motion (#4) is now ripe and we will now rule on it.

**II.  Factual Background**

We consider the facts recited in the Complaint in a light most favorable to the Plaintiff which opposes the motion to dismiss.

Plaintiff Local 169 and Defendant Frehner have had a collective bargaining agreement ("Laborers' Master Agreement") for over fifteen years.  These collective bargaining agreements have governed the employment conditions of the employees of Frehner including the wages, hours, and other conditions of employment.

Prior to July 2004, Frehner had assigned its proxy to negotiate and enter into such labor agreements in its behalf to the Nevada Chapter of Associated General Contractors of America ("AGC").  On July 16, 2000, AGC and Local 169 entered into a collective bargaining agreement with an effective date of July 16, 2000 continuing till July 15, 2005.  Frehner adopted the agreement and complied with the terms of the agreement thereafter.  On June 1, 2004, Local 169 and AGC made an agreement to discuss extending the collective bargaining agreement by negotiating for extension of the agreement.  On June 14, 2004, Local 169 sent a notice to Frehner concerning scheduled meeting dates for the extension of the collective bargaining agreements between them.

Meetings, discussing the extension of the collective bargaining agreement, occurred on June 22, 2004, July 8, 2004, July

2

15, 2004 and July 21, 2004.  On July 21, 2004, an agreement was reached between the representatives of Local 169 and AGC.  The new agreement was to extend until July 15, 2010.

On July 27, 2004, Frehner withdrew its proxy for negotiations from the AGC.  On July 27, 2004, Local 169 was informed that Frehner was "going to" withdraw its proxy from AGC.  Local 169 responded on July 29, 2004 that the union would object to such a withdrawal and that Frehner was bound to the terms of the agreement reached by Local 169 and AGC on July 21, 2004.

Local 169 and AGC executed a Memorandum of Understanding on July 30, 2004, which embodied the agreements reached by the parties at the July 21, 2004 meeting.  The Memorandum of Understanding stated, among other things, that the collective bargaining agreement would remain effective until July 15, 2010.

In a fax dated August 13, 2004, John Madole, Jr., on behalf of AGC, provided Richard Daly, Business Manager of Local 169, a copy of a letter which Frehner had sent AGC revoking its proxy with respect to negotiations.  The Complaint does not state the date of the letter or the date AGC received the letter from Frehner.

Nearly a year later, on May 11, 2005, Local 169 received a letter from Frehner dated May 9, 2005, which stated that Frehner had the right to terminate the collective bargaining agreement after its termination date on July 15, 2005.  Local 169 objected stating that Frehner had no right to withdraw as it had only done so after negotiations had commenced with AGC.

Frehner wrote back stating the collective bargaining agreement was set to expire on July 15, 2005, and that they were willing to

3

enter into a New Agreement through negotiations with Local 169. Local 169 insisted again in a letter to Frehner that they were bound by the agreement signed June 30, 2004 between AGC and Local 169.

### III. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be granted if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir. 1996). On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

4

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(b); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

5

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

"Dismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)(quoting Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991)(internal citations omitted)).[2]

**IV.  Statute of Limitations**

Defendant argues that since Plaintiff was notified of Frehner's withdrawal of its proxy at the latest on August 13, 2004, that the statute of limitations began to run and ended on January 13, 2005, thus barring this action. Plaintiff argues that it only

---

[2] We note here that in its Opposition to Defendant's Motion to Dismiss, Plaintiff has referred to evidence that it was not notified of Frehner's withdrawal of the proxy for AGC until May 11, 2005, as the fax sent from AGC to Local 169, which included the letter from Frehner to AGC, only said that the proxy was withdrawn for "future agreements only" and did not, therefore, include already completed negotiations. However, this evidence cannot be considered in a Motion to Dismiss based on F.R.C.P. 12(b)(6) which must consider the Complaint and not additional material supporting the Complaint which has not been properly attached to the Complaint.

6

1  had notice of the withdrawal of the proxy on May 11, 2005, and,
2  therefore, its action was timely brought.
3      Plaintiff has brought its claim pursuant to Section 301 of the
4  Labor Management Relations Act, 29 U.S.C. § 185.  The Supreme Court
5  has held that although Section 301 does not have an applicable
6  statute of limitations, the six-month statute of limitations from
7  the National Labor Relations Act set forth in Section 10(b) of the
8  NLRB Act, 29 U.S.C. Section 106(b), is applicable to Section 301
9  claims.  DelCostello v. International Brotherhood of Teamsters, 462
10 U.S. 151, 168 (1983).  The Ninth Circuit has also adopted this
11 reasoning holding, in Audette v. International Longshoremen's and
12 Warehousemen's Union, that the six-month statute of limitations
13 applied to Section 301 cases.  195 F.3d 1107, 1110 (9th Cir. 1999);
14 see also Grant v. McDonnell Douglas Corporation, 163 F.3d 1136,
15 1138 (9th Cir. 1998)("A Section 301 claim is governed by a six-
16 month statute of limitations").
17     The six-month statute of limitations on a claim relating to a
18 contested effectiveness of the withdrawal of a proxy begins to run
19 when Plaintiff had notice that Defendant Frehner withdrew its proxy
20 for negotiations from AGC.
21     Plaintiff has argued that Hawaii Carpenters Trust Funds v.
22 Waiola Carpenter Shop, Inc. governs whether the statute of
23 limitations has tolled in this case.  823 F.2d 289, 296 (9th Cir.
24 1987).  In that case, the Ninth Circuit addressed whether an
25 employer could withdraw from an association that represented its
26 interests for the purpose of collective bargaining.  The Ninth
27 Circuit held that "it is well settled now that an attempted
28
                                7

withdrawal...during negotiations is neither timely nor effective." Id. (internal citations omitted).  Whether or not attempted withdrawal during negotiations did happen in this case and was prohibited by law is the subject of the controversy between Local 169 and Frehner and does not go to whether the six-month statute of limitations would bar the action in this case.

As plead in the Complaint, Plaintiff had notice of Frehner's withdrawal from the fax communicated on August 13, 2004, by AGC to Local 169 which included the notice of withdrawal executed by Frehner.  As stated in the Complaint, "[b]y letter dated August 13, 2004, said letter being faxed to Local 169, John Madole, Jr., on behalf of AGC, provided Richard Daly, Business Manager Local 169, a copy of the letter sent by Frehner to AGC revoking its proxy with respect to *negotiations.*"  (emphasis added).  Although Plaintiff claims now that such a notice pertained to "future" negotiations, that the withdrawal only pertained to future negotiations is not apparent within the Complaint.  While it is true that Frehner's statement to Local 169 on July 27, 2004, that Frehner was "going to" withdraw their proxy from AGC does not demonstrate that Frehner had actually withdrawn their proxy, Local 169 was further informed about the actual withdrawal of the proxy from AGC in the fax received by Local 169 from AGC.  Since the fax was received by Local 169 on August 13, 2004, the six-month statute of limitations began to run after that date ending on January 13, 2005, well before the initial Complaint in this action was filed.

We find that in light of the fact that Plaintiff has said that it could produce a letter that demonstrates that Plaintiff was only

8

aware of Frehner's withdrawal of the proxy for *future* negotiations, that Plaintiff should be allowed to amend its Complaint.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#4) is **GRANTED**.  On the face of the Complaint, the statute of limitations bars this action.

**IT IS HEREBY FURTHER ORDERED** Plaintiff shall have fifteen (15) days within which to file an amended complaint.

This 11th day of January, 2006.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

9